**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et. al.*,<br><br>                Remaining Debtors.<br><br>―――――――――――――――――――<br><br>MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATION TRUST,<br><br>                Plaintiff,<br>v.<br><br>BCM BENEFITS INC., a New York corporation; and RANCE BRADSHAW, an individual,<br><br>                Defendants. | Chapter 11<br><br>Case No. 17-12560 (JKS)<br><br>Jointly Administered<br><br><br><br>Adv. Pro. No. 19-51065 (JKS)<br><br>**Re: Adv. D.I. 33** |

## ORDER ON RULE TO SHOW CAUSE

**WHEREAS,** on December 3, 2019, Michael Goldberg, in his capacity as Liquidating Trustee of the Woodbridge Liquidation Trust ("Plaintiff"), filed the Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers, for Equitable Subordination, for Sale of Unregistered Securities, Fraud, and for Aiding and Abetting Fraud (Adv. D.I. 1) (the "Complaint") against BCM Benefits Inc. and Rance Bradshaw (each a "Defendant," and collectively, the "Defendants"), commencing the above-captioned adversary proceeding (the "Adversary Proceeding").

**WHEREAS** the Defendants failed to answer, move or otherwise respond to the Complaint.

Case 19-51065-JKS    Doc 47    Filed 10/20/25    Page 2 of 3

**WHEREAS**, on July 22, 2020, the Plaintiff filed Plaintiff's Request for Entry of Default Judgment (Adv. D.I. 17).

**WHEREAS**, on July 23, 2020, the Clerk of Court entered an Entry of Default (Adv. D.I. 18).

**WHEREAS**, on December 20, 2021, the Plaintiff filed Plaintiff's Motion for Default Judgment (Adv. D.I. 28), pursuant to Rule 7055(b)(2) of the Federal Rule of Bankruptcy Procedure, seeking entry of judgment by default against the Defendants with respect to all claims for relief asserted in the Complaint.

**WHEREAS**, no response was filed to Plaintiff's Motion for Default Judgment (Adv. D.I. 29) and, on January 12, 2022, the Court entered Judgment by Default (Adv. D.I. 31) (the "<u>Judgment by Default</u>").

**WHEREAS**, on January 25, 2022, Defendants filed an Application for a Motion Hearing (Adv. D.I. 33) (the "<u>Application</u>") requesting the court reopen the Judgment by Default placed against the Defendants.[1]

**WHEREAS**, the Application has been pending for more than three years, and the Defendants have not scheduled the Application for hearing or otherwise prosecuted the Application.

**WHEREAS**, on September 24, 2025, the Plaintiff filed and served the Liquidation Trust's Request for a Status Conference (Adv. D.I. 38, 45).

**WHEREAS**, on September 26, 2025, the Court entered the Order Scheduling Status Conference (Adv. D.I. 39) ("<u>Scheduling Order</u>") in the Adversary Proceeding for October 16, 2025 at 11:00 a.m. (Eastern Time).

---

[1] The Application is captioned in the Justice of the Peace Court of the State of Delaware in and for New Case County but was filed in this Court.

**WHEREAS**, on September 29, 2025, the Plaintiff filed the Notice of Status Conference (Adv. D.I. 40) (the "Status Conference").

**WHEREAS**, Epiq Class Action and Claims Solutions, Inc. ("Epiq") filed a Certificate of Service reflecting service of the Scheduling Order and Notice of the Status Conference on the Defendants (Adv. D.I. 46).

**WHEREAS**, the Notice of Agenda of Matters Scheduled for Hearing on October 16, 2025 at 11:00 a.m. (Eastern Time) (Adv. D.I. 41) was filed, and Epiq filed a Certificate of Service reflecting service on the Defendants (Adv. D.I. 42).

**WHEREAS**, on October 16, 2025 at 11:00 a.m. (Eastern Time), the Status Conference was held via Zoom (Adv. D.I. 43, 44).

**WHEREAS**, the Defendants did not appear at the Status Conference (Adv. D.I. 44).

Based on the foregoing, **IT IS HEREBY ORDERED** that the Defendants are ordered to show cause, on or before **November 26, 2025**, why the Application should not be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that, absent a showing of good cause, the Trustee may file and serve any motion or other pleading, with a proposed form of order, that he deems appropriate under the circumstances.

**IT IS FURTHER ORDERED** that, counsel for the Trustee shall serve a copy of this Order on Rule to Show Cause on the Defendants within 48 hours and file a certificate of service with the Court.

Dated: October 20, 2025

                                                                                  J. Kate Stickles
                                                                                 United States Bankruptcy Judge